# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-CR-04034-01-SRB |
| ) | |
| TURBO LINDSEY MIDGYETT, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Turbo Lindsey Midgyett's *pro se* filing requesting the Court grant him compassionate release. (Doc. #50.) The Court construes the instant filing as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons below, the motion is denied.

In 2017, Defendant Midgyett pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. #31.) The undersigned subsequently sentenced Defendant Midgyett to a 60-month term of imprisonment, to be followed by a three-year term of supervised release. (Doc. #45.) Defendant Midgyett is currently incarcerated at the federal penitentiary located in Pine Knot, Kentucky ("USP McCreary") and his projected release date is February 14, 2022.

On November 30, 2020, Defendant Midgyett filed the instant *pro se* motion, stating the threat posed by COVID-19 constitutes an extraordinary and compelling reason to grant his early release. Specifically, Defendant Midgyett states he suffers from high blood pressure, he tested positive for COVID-19 in September 2020, and he has growing concerns for his health and safety in light of the approaching "second wave" of coronavirus infections. (Doc. #50, p. 1.) Defendant

Midgyett states he previously submitted his request to the Warden of the facility where he is incarcerated but has not, as of November 23, 2020, received a reply. The Government opposes the instant motion, stating Defendant Midgyett fails to demonstrate any extraordinary or compelling reason to justify a sentence reduction.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 10-CR-17, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020).

Even if Defendant Midgyett has exhausted his administrative remedies, upon review of the record the Court finds the circumstances do not warrant a reduction of his sentence. The Court is sensitive to the magnitude of the COVID-19 pandemic and the serious health concerns it presents.

2

However, Defendant Midgyett's age (35), prior COVID-19 diagnosis, and apparent health conditions do not place him at a heightened risk of serious illness or death should he become re-infected, nor do those conditions impair his ability for self-care. Additionally, Defendant Midgyett fails to show that he merits release under the § 3553(a) factors. Given the potential risk of danger his release would pose to the community, and because Defendant Midgyett has not satisfied his burden under 18 U.S.C. § 3582(c), his motion for compassionate release is denied.

Accordingly, it is hereby **ORDERED** that Defendant Midgyett's *pro se* motion for compassionate release (Doc. #50) is DENIED.

**IT IS SO ORDERED.**

Dated: January 5, 2021

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE